UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LOIS ELAINE MAULTSBY, on behalf
of Lois E. Maultsby, deceased,

    Plaintiff,

v.                                                Case No. 8:09-cv-53-T-24 TBM

SENIOR LIVING MANAGEMENT,

    Defendant.
_____/

## **ORDER**

      This cause comes before the Court on Plaintiff's construed motion to remand and to change venue. (Doc. No. 8). Defendant opposes the motion. (Doc. No. 9).

      Plaintiff[1] filed suit against Defendant under Title VIII of the Civil Rights Act of 1968 as amended by the Fair Housing Act of 1988 in state court located in Polk County. (Doc. No. 2, ¶ 3). According to Plaintiff, Defendant received the complaint on December 15, 2008.[2] Within 30 days, on January 14, 2009, Defendant removed this case to this Court.

      Plaintiff seeks remand, arguing that Defendant is in default in state court. However, there is no evidence that Plaintiff ever moved for entry of default in the state court case prior to the case being removed. Furthermore, since this Court has subject matter jurisdiction over the case (due to Plaintiff asserting a federal claim) and Defendant removed the case within 30 days, removal was proper. Plaintiff has not asserted a meritorious argument in support of the motion

---

      [1]It is unclear as to whether there is only one Plaintiff (as alleged in the caption of the complaint) or additional Plaintiffs (as alleged in the first sentence of the complaint).

      [2]Defendant disputes that it was properly served on that date.

to remand, and as such, the motion is denied.

Plaintiff alternatively seeks transfer of this case to the Orlando division, because that division is more convenient than the Tampa division. However, the case was properly removed to the Tampa division, because Polk County is within the Tampa division. As such, venue is proper in this division. Based on a review of the complaint, it is not clear that venue would be proper in the Orlando division. Therefore, if Plaintiff wants to litigate this case in Orlando, she must voluntarily dismiss this case without prejudice, pursuant to Federal Rule of Civil Procedure 41(a), and re-file the case in the Orlando division (assuming that she could show that venue would be proper in that division and that the statute of limitations has not expired).

Accordingly, it is ORDERED AND ADJUDGED that Plaintiff's construed motion to remand and to change venue (Doc. No. 8) is **DENIED**. Plaintiff is directed to either: (1) file a response to the pending motions to dismiss and strike (Doc. No. 3, 4) by March 16, 2009, or (2) file a notice voluntarily dismissing this case by March 16, 2009.

**DONE AND ORDERED** at Tampa, Florida, this 5th day of March, 2009.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record